United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE, | No. C 09-00969 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| D&T CRANE CERTIFIERS, | |
| Defendant. | |

This is an ERISA action for unpaid contributions to the Operating Engineers Local Union No. 3 Trust Funds. Now before the Court is Plaintiffs' motion for default judgment. Defendant has not responded to Plaintiffs' motion even though the deadline has passed. See Northern District of California Local Rule 7-3(a). Indeed, Defendant has yet to appear in this case at all. Judgment by default may be entered pursuant to Rule 55 when the defendant has "failed to plead of otherwise defend." Entry of a default judgment is discretionary. See Draper v. Coombs, 792 F.2d 915. 924-25 (9th Cir. 1986). After careful consideration, the Court concludes that oral argument is unnecessary, and GRANTS Plaintiffs' motion for default judgment. The motion hearing on calendar for August 21, 2009 is hereby VACATED.

**BACKGROUND**

Plaintiffs, trustees of the Operating Engineers Health and Welfare Fund, filed suit on March 5, 2009 seeking delinquent contributions, liquidated damages, and interest from

Defendant for the hours worked by Defendant's employees from January 2008 through June 2008. Proofs of service were filed on May 8, 2009, and the clerk entered default on June 1, 2009.

Defendant had a statutory duty to make timely payments to Plaintiffs' fund under ERISA § 515, 29 U.S.C. § 1145, and under the collective bargaining agreement ("CBA") between Defendant and Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO, of which Plaintiffs are third-party beneficiaries.

Plaintiffs have established that Defendant failed to make the required payments from January 2008 to June 2008, and owe $11,762.24 in contributions, $1,845.48 in liquidated damages, and $2,140.04 in interest, as well as $1,997.50 in attorneys' fees and $853.75 in costs.

## **DISCUSSION**

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys' fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). The CBA entitles Plaintiffs to liquidated damages of thirty-five dollars ($35.00) or fifteen percent (15%) of the amount due and unpaid to each such Trust, whichever is greater. The CBA further states that immediately following the date on which the employer becomes delinquent, an interest rate of twelve percent (12%) shall be added to the amount due, which includes both the delinquent contribution and liquidated damages. In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health & Walfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989). This requirement is satisfied here.

Under ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(2)(D), Plaintiffs are also entitled to "reasonable attorneys' fees and costs of the action." The CBA further provides that a

defaulting employer is responsible for reasonable expenses "including but not limited to, reasonable attorneys' fees, auditors' and accountants' fees, court costs and all other reasonable expenses incurred in connection with such suit or claim including any appellate proceedings therein."

As the allegations of the complaint are accepted as true, and as the evidence establishes that Defendant owes Plaintiffs a sum certain, Plaintiffs' motion for default judgment is GRANTED in the total amount of $18,599.01.  The Court will issue a judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: August 17, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE